**Alexandria McGAUGHEY, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civil No. 07–1498(RJL).**

United States District Court, District of Columbia.

Sept. 22, 2010.

Bruce V. Spiva, The Spiva Law Firm, PLLC, Washington, DC, for Plaintiff.

Dwayne C. Jefferson, Patricia Ann Jones, Heather R. Skeeles–Shiner, Office of the Attorney General for the District of Columbia, Washington, DC, Adam Kelley, Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, Karen R. Turner, Ami M. Specktor, Hamilton, Altman, Canale & Dillon, LLC, Bethesda, MD, for Defendants.

*MEMORANDUM ORDER*

RICHARD J. LEON, District Judge.

Plaintiff Alexandria McGaughey ("plaintiff" or "McGaughey") has filed this action against eight defendants, including Howard University ("HU"), Howard University d/b/a Howard University Hospital ("HUH"), Dr. Wendie Williams ("Dr. Williams"), and Dr. Dawit Yohannes ("Dr. Yohannes") (collectively, "the Howard defendants"), for the events arising from her attempts to receive medical treatment following her alleged drugging and sexual assault in December 2006.

█ McGaughey has brought six claims against HU and HUH: Count I, for violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §§ 1395dd *et seq.;* Count II, which alleges medical malpractice/abandonment for failure to treat McGaughey and sending her home; Count III, which alleges negligence for, *inter alia,* failure to administer a rape kit and test for presence of a date rape drug; Count IV, which alleges medical malpractice for the same; Count V, which alleges negligent hiring, training, and supervision of medical personnel; and Count VI, for violations of the District of Columbia's Consumer Protection Procedures Act ("CPPA"), D.C.Code §§ 28–3901 *et seq.* Counts II, III, IV, and VI are also brought against Dr. Williams. Counts III, IV, and VI are also brought against Dr. Yohannes. The Howard defendants have moved for partial dismissal of, or in the alternative, for partial summary judgment on, Counts II–VI against them, as well as plaintiff's punitive damages claim.[1]

On December 31, 2009 the instant motion, among others, was referred to Magistrate Judge Deborah A. Robinson for

---

1. Because the Howard defendants' motion for partial dismissal is not only untimely, but they have introduced material outside of the pleadings, their motion will be treated as a summary judgment motion. Fed.R.Civ.P. 12(d).

report and recommendation pursuant to Local Civil Rule 72.3. *See* Order [# 239]. On March 3, 2010, Magistrate Judge Robinson recommended denial of the Howard defendants' motion. *See* Report & Recommendation [# 249]. Unsurprisingly, the Howard defendants objected to the entirety of Magistrate Judge Robinson's recommendation. Def. Obj. [# 257].

Local Civil Rule 72.3(c) provides that the Court "shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made." LCvR 72.3(c). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." *Id.* As requested by the parties, the Court has made a *de novo* review of the Howard defendants' motion. Because there are genuine disputes of material fact with respect to Counts II–V, the Court hereby ADPOTS Magistrate Judge Robinson's recommendation and DENIES summary judgment on all counts (including plaintiff's punitive damages claim) *except* as to Count VI. For the following reasons, summary judgment on plaintiff's CPPA claim will be GRANTED for the Howard defendants.

### DISCUSSION

Summary judgment is proper where the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing same). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. A party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or

as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). Though the Court must draw all justifiable inferences in favor of the non-moving party in deciding whether there is a disputed issue of material fact, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

 McGaughey sues the Howard defendants under D.C.'s CPPA for their alleged misrepresentations as to the availability of a rape kit and the defendants' ability to perform one on her. Pl's Opp'n [# 206, Ex. 1] 35. The Court has previously found that the CPPA does not allow recovery for personal injuries of a tortious nature, such as medical malpractice, and thus granted summary judgment on this claim for the defendants in this case affiliated with George Washington University Hospital. *See* Memorandum Opinion as to defendants District Hospital Partners, George Washington University, and Dr. Christopher Lang, Sept. 20, 2010 [# 271] (citing *Gomez v. Indep. Mgmt of Del., Inc.,* 967 A.2d 1276, 1286–87 (D.C.2009)). Because McGaughey's CPPA claims against the Howard defendants similarly "constitute 'attacks on the actual performance of [a physician's] medical service, which would be more appropriately addressed in the context of a[ ] medical malpractice claim,'" and because the CPPA bars recovery for such damages, the Howard defendants are entitled to summary judgment as a matter of law. *Caufield v. Stark,* 893 A.2d 970, 978 (D.C.2006) (alterations in original) (citations omitted). Therefore, summary judgment for the

Howard defendants on the CPPA claim is GRANTED.

### CONCLUSION

Accordingly, it is hereby

**ORDERED** that Motion for Partial Summary Judgment filed by the defendants Howard University, Howard University d/b/a Howard University Hospital, Dr. Wendie Williams, and Dr. Dawit Yohannes is **GRANTED in part and DENIED in part.**

**SO ORDERED.**

### REPORT AND RECOMMENDATION

DEBORAH A. ROBINSON, United States Magistrate Judge.

Defendants Howard University ("HU"), Howard University d/b/a Howard University Hospital ("HUH"), Wendie Williams, M.D. and Dawit Yohannes, M.D. (hereinafter "the Howard Defendants") are among the eight defendants named in this action, in which Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. First Amended Complaint (Document No. 58), ¶ 14; Prayer for Relief. Plaintiff alleges injuries arising from the collective failure of the defendants to investigate whether she was sexually assaulted by administering a sexual assault medical forensic examination ("SAMFE") for evidence of sexual assault, or otherwise to test for the presence of a date rape drug or other intoxicating substance. *Id.*, ¶¶ 1–4; *see also* Joint Meet and Confer Statement Pursuant to Local Civil Rule 16.3(c) (Document No. 19) at 3.

Plaintiff's claims against the Howard Defendants are for violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.* by HUH and HU (Count I); medical malpractice/abandonment by HUH, HU and Defendant Williams (Count II); negligence (Count III); medical malpractice (Count IV); negligent hiring, training and supervision by HUH and HU (Count V), and violation of the District of Columbia Consumer Protection Procedures Act ("CPPA") (Count VI). First Amended Complaint, ¶¶ 68–73; 74–80; 81–87; 88–93; 94–99; 100–106.

In their Answer, the Howard Defendants generally deny the allegations and set forth five defenses. *See generally* Answer to Plaintiff's Amended Complaint of Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D. and Dawit Yohannes, M.D. (Document No. 62); *see also* Joint Meet and Confer Statement Pursuant to Local Civil Rule 16.3(c) at 3.

The Howard Defendants move for partial dismissal or in the alternative, for partial summary judgment, as to Counts II, III, IV, V and VI and as to Plaintiff's punitive damages claims.[1] *See generally* Motion of Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D., and Dawit Yohannes, M.D., for Partial Dismiss[al] or in the Alternative, for Partial Summary Judgment (Document No. 177).[2]

With respect to Plaintiff's claim for medical malpractice/abandonment, the Howard Defendants submit that the claim "must fail as a matter of law because plaintiff has

---

**1.** The Howard Defendants do not move for dismissal, or summary judgment, with respect to Count I.

**2.** Because both the Howard Defendants and Plaintiff have presented information outside

the pleadings which the undersigned cannot exclude from consideration, the motion will be evaluated solely in accordance with the standards governing motions for summary judgment. *See* Fed.R.Civ.P. 12(d).

not (and cannot) demonstrate a legally sufficient nexus between her purported discharge from the hospital and any claimed damage or harm." Memorandum of Points and Authorities in Support of Motion of Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D., and Yohannes, M.D., for Partial Dismissal or in the Alternative, for Partial Summary Judgment ("Howard Defendants" Memorandum) at 5.

With regard to Plaintiff's negligence claims, the Howard Defendants contend that because Plaintiff "has not offered any evidence to show that the alleged negligent acts or omissions attributable to the Howard Defendants ... directly caused her any physical harm," and that "[a]ll the 'harm' plaintiff claims to have sustained ... falls into the category of mental, emotional or psychological distress[,]" she cannot recover under a theory of negligent infliction of emotional distress. *Id.* at 11–16.

With respect to Plaintiff's claims for punitive damages for the alleged negligence, and the violation of the EMTALA alleged in Count I,[3] the Howard Defendants maintain that Plaintiff has offered no evidence "that the tort committed was aggravated by egregious conduct and was the product of malice or an evil motive." The Howard Defendants further maintain that Plaintiff cannot establish under the doctrine of respondent superior "that HU or HUH officials knew of, acquiesced in, or ratified the alleged egregious conduct giving rise to the claims." *Id.* at 18.

With regard to Plaintiff's CPPA claim, the Howard Defendants submit that (1) "claims against medical providers arising from the rendering or failure to render medical services cannot be brought under the CPPA-unless those claims somehow relate to the financial, economic or business side of the practice of medicine[ ]"; (2) "Plaintiff's allegations concern events that transpired in 2006, when non-profits such as HUH (and their employees) had a blanket exception from the CPPA[ ]"; (3) a SAMFE is not "primarily" for "personal, family or household purposes"; (4) Plaintiff has failed to "identif[y] how the purported misrepresentations or omissions were material facts or how [they] ... had a tendency to mislead." *Id.* at 19–42.

In their statement of material facts as to which no genuine issues exists filed with their motion, the Howard Defendants identify 56 material facts. Howard Defendants' Statement of Material Facts Not in Dispute. ("Howard Defendants' Local Civil Rule 7(h) Statement"). Twenty-nine of the first 31 facts constitute a narrative account, from the perspective of the Howard Defendants, of the events of December 9 and 10, 2006. Howard Defendants' Local Civil Rule 7(h) Statement, ¶¶ 1–31. The next 16 concern the operation of the Sexual Assault Nurse Examiner, or SANE program. *Id.,* ¶¶ 32–48. Seven of the remaining eight facts concern the Howard Defendants' characterization of Plaintiff's evidence with respect to her injuries. *Id.,* ¶¶ 49–55.

Plaintiff, in her opposition to the Howard Defendants' motion for partial dismissal or in the alternative for partial summary judgment, submits that there are genuine issues for trial with respect to virtually all of the facts material to her claims, including (1) whether Plaintiff was sent back to her dorm after her first visit to HUH, and whether, as a consequence she suffered physical harm and pain (2) the applicable standard of care, the extent of the Howard Defendants' compliance with it, and the

---

3. *See* n. 1, *supra.*

nature and extent of Plaintiff's injuries; (3) whether the Howard Defendants' alleged tortuous actions "were 'accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury[,]' " and (4) whether, as a consequence, the alleged misrepresentations had an "entrepreneurial nexus[,]" and the status of HUH as a non-profit. *See* Plaintiff's Opposition to the Howard Defendants' Motion for Partial Dismissal or in the Alternative, for Partial Summary Judgment (Document No. 206) ("Plaintiff's Opposition") at 16–20, 22–29, 31–33, 35, 40–43. With citations to the record, Plaintiff submits that there are genuine issues for trial with respect to 37 of the 56 material facts enumerated by the Howard Defendants. Plaintiff's Statement of Controverted Facts as to Which There is a Genuine Dispute in Opposition to the Howard Defendants' Motion for Partial Dismissal or in the Alternative, for Partial Summary Judgment.

In their reply, the Howard Defendants maintain that the facts enumerated by Plaintiff in her Local Civil Rule 7(h) Statement are not material. Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D., and Dawit Yohannes, M.D., Reply to Plaintiff's Opposition to Motion for Summary Judgment (Document No. 233) at 1–2.

## STANDARDS APPLICABLE TO DETERMINATION OF MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c) *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood* 43 F.3d 1538, 1540 (D.C.Cir.1995). The burden is upon the non-moving party to demonstrate that there are material facts in dispute. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. *Id.* In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Bayer v. United States Dept. of Treasury*, 956 F.2d 330, 333 (D.C.Cir. 1992). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Rather, she must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587, 106 S.Ct. 768; Fed.R.Civ.P. 56(e).

Moreover, Rule 56(e)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary

judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(2). The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," **designate "specific facts showing that there is a genuine issue for trial."** ... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing[.]

*Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (emphasis added).

In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. **An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated,** which shall include references to the parts of the record relied on to support the statement. ... **In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.**

LCvR 7(h) (emphasis added); *see also* LCvR 56.1.

The District of Columbia Circuit has held that "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should '[i]nstead ... deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7(h) ] statement.' " *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C.Cir.2000) (citation omitted). The District of Columbia Circuit "[has] explained ... that 'the procedure contemplated by the [local] rule ... isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.' " *Burke v. Gould*, 286 F.3d 513, 517 (D.D.C.2002) (quoting *Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C.Cir.1980)). This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue[.]" *Burke*, 286 F.3d at 518 (quoting *Tarpley v. Greene*, 684 F.2d 1, 7 (D.C.Cir. 1982)).

## DISCUSSION

The undersigned finds that Plaintiff has set forth abundant material facts "as to which [she contends] there exists a genuine issue necessary to be litigated," and has included "references to the parts of the record relied on to support the statement." *See* LCvR 7(h). Accordingly, the undersigned will recommend that the motion of the Howard Defendants be denied.

### Plaintiff's Medical Malpractice/Abandonment Claim

■ The Howard Defendants submit that in order for a plaintiff to prevail on a claim of medical abandonment, the plaintiff

"must prove that the health care provider ended the professional relationship at an unreasonable time 'or without affording the patient the opportunity to procure an equally qualified replacement.'" Howard Defendants' Memorandum at 5 (citations omitted). The Howard Defendants suggest that Plaintiff's abandonment claim "must fail as a matter of law" because she "has not (and cannot) demonstrate a legally sufficient nexus between her purported discharge from the hospital and any claimed damage or harm." *Id.* The Howard University Defendants further suggest that because Plaintiff has no recollection of her first visit to Howard University Hospital, "[she] cannot claim that she endured any mental or emotional damages as a result of the purported abandonment[,]" and that in any event, "she suffered no accompanying physical injury." *Id.* at 6–7; *see also id.* at 13 ("In the absence of physical injury, a party must show that he or she was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety in order to recover for emotional injuries.") (citations omitted).

Even if the court assumes, *arguendo,* that the Howard Defendants have accurately stated the law applicable to medical abandonment, a genuine issue with respect to among the most material facts precludes summary judgment in their favor: *"whether* [Howard University Hospital] sent Plaintiff home during that first visit to [the hospital]." Plaintiff's Opposition at 16 (quoting Howard Defendants' Memorandum at 5) ("[The] [Howard] Defendants dispute this claim ["that Howard University Hospital"] ... and [Defendant] Williams simply 'sent [Plaintiff] home without treatment in the early morning hours of December 9, 2006[.]' ").

Thus, although the Howard Defendants move for summary judgment in their favor with respect Plaintiff's medical abandonment claim and argue that there are no genuine issues with respect to any material facts, they ultimately acknowledge that indeed there is such a dispute. Accordingly, the Howard Defendants motion for summary judgment with respect to the medical abandonment claim must be denied. *Bouknight v. District of Columbia,* 680 F.Supp.2d 96, 106 (D.D.C.2010) (the district court "must 'refrain from making credibility determinations, weighing the evidence, or drawing inferences from the evidence [as] these, after all, are jury functions, not those of a judge ruling on summary judgment[.]' ") (citations omitted).

### Plaintiff's Negligence Claims (Counts III, IV and V)

■ In this case, the existence of genuine issues regarding the applicable standards of care precludes summary judgment: Plaintiff's experts have opined that the Howard Defendants violated the applicable standards, while the Howard Defendants' experts disagree. *See* Plaintiff's Opposition at 22–23 ("Plaintiff's nationally recognized experts have opined that the Howard Defendants violated the national standard of care by failing to provide adequate medical treatment to Plaintiff on both of her HUH visits, as well as failing to provide Plaintiff a SAM-FE on either of her visits to HUH. Furthermore, Plaintiff's experts have opined that the institutional Howard Defendants failed [to] properly ... hire, train and supervise their personnel regarding the handing of sexual assault patients.") Such disputes, as Plaintiff aptly observes, "creat[es] quintessential issues for trial on Counts III through VI." Plaintiff's Opposition at 23. In evaluating a motion for summary judgment, the court must "refrain from making credibility determinations, weighing the evidence, or drawing inferences from the evidence—these, after

32

all, are 'jury functions, not those of a judge ruling on a motion for summary judgment.' " *Jones v. Bernanke*, 557 F.3d 670, 681 (D.C.Cir.2009) (citation omitted); *see also Freeland v. Iridium World Communications*, 545 F.Supp.2d 59, 80 (D.D.C.2008) ("As a general rule, summary judgment is inappropriate where an expert's testimony supports the nonmoving party's case.") (citation omitted).

Next, the undersigned is mindful that Plaintiff maintains that the " 'zone of danger' framework is inapplicable" because Plaintiff alleges that she was "directly under the care of the Howard Defendants," and "suffered physical harm and pain as a result." Plaintiff's Opposition at 25. Even assuming, *arguendo*, that this framework is applicable here, the existence of genuine issues regarding whether the Plaintiff was placed in the "zone of danger" due to the Howard Defendants' actions precludes summary judgment. *Id.* at 25–30. "Reasonable jurors may conclude that [the defendant company] was negligent in disseminating and implementing its sexual harassment policy, and that this negligence placed Plaintiff in a zone of physical danger in which she feared for her safety." *Rollerson v. Dart Group Corp.*, No. 95–1172, 1996 WL 365406, at *7 (D.D.C. June 25, 1996)[4]

### Plaintiff's Claim for Punitive Damages

■ Under District of Columbia law, "punitive damages are properly awarded where the act of the defendant is accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury." *Mitchell v. DCX, Inc.*, 274 F.Supp.2d 33, 52 (D.D.C.2003) (citation and internal quotations omitted); *see also Pitt v. District of Columbia*, 491 F.3d 494, 508 (D.C.Cir. 2007) ("In order to impose punitive damages, the jury must find by clear and convincing evidence that the tortious act 'was a company by conduct and a state of mind evincing malice or its equivalent.' ") (citation omitted). Proof of the elements may be inferred from the acts of the defendant and from circumstantial evidence. *Mitchell*, 274 F.Supp.2d at 52 (citation omitted). "[W]hether punitive damages will lie depends on the intent with which the wrong was done, and not on the extent of the actual damages." *Morgan v. Barry*, No. 98–7117, 2000 WL 1946568, at *4 (D.D.C. December 14, 2000) (citation and quotation marks omitted). "The issue is ordinarily one for the trier of fact." *Mitchell*, 274 F.Supp.2d at 52 (citation and quotation marks omitted).

■ The undersigned finds that genuine issues with respect to facts material to the Howard Defendants' intent preclude summary judgment in their favor on the issue of punitive damages. Included in the evidence adduced by Plaintiff is that the Howard Defendants "placed [her] at risk of death and even greater bodily harm[ ]" by "fail[ing] to stabilize and treat [her] urgent medical conditions[.]" Pl.'s Opposition at 32. Moreover, Plaintiff identifies evidence that the Howard Defendants "falsely claim[ed] that they could not treat Plaintiff as a sexual assault patient and provide a SAMFE absent police 'authorization.' " *Id.*

In evaluating a motion for summary judgment, the court must "refrain from making credibility determinations, weighing the evidence, or drawing inferences from the evidence—these, after all, are 'jury functions, not those of a judge ruling

---

4. In any event, because Plaintiff has alleged, and offered evidence, of physical injuries, the Howard Defendants' arguments regarding the "zone of danger" framework are largely misplaced.

on a motion for summary judgment.'" *Jones v. Bernanke*, 557 F.3d 670, 681 (D.C.Cir.2009) (citation omitted). Thus, the undersigned must conclude that "it would [ ] be inappropriate to take the issue of punitive damages away from the trier of fact." *See Mitchell*, 274 F.Supp.2d at 52.

### Plaintiff's Consumer Protection Procedures Claim

The Howard Defendants' motion for partial summary judgment with respect to Plaintiff's CPPA claim must also be denied. This court has indeed held that the CPPA applies only to consumer transactions, *see, e.g., Poblete v. Indymac Bank*, 657 F.Supp.2d 86, 95 (D.D.C.2009); however, "at this stage of the proceedings the court must treat the plaintiff's factual allegations [regarding the factual basis in support of the CPPA claim] as true[.]" *Id.* (citation omitted); *see also Calvetti v. Antcliff*, 346 F.Supp.2d 92, 106 (D.D.C.2004) (denying summary judgment on CPPA claim where "conflicting testimony [regarding representation made by one of the defendants] raises an issue of credibility for the jury, not this Court.") (citations omitted); *National Consumers League v. General Mills, Inc.*, No. 09–01881, 2010 WL 165304, at *5–6 (D.D.C. January 15, 2010) ("[T]he 2000 Amendment instructs that the District's legislature amended the CPPA in part to be construed and applied liberally to promote its purpose which includes assur[ing] that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices[.]") (citation and internal quotations omitted).

Here, Plaintiff alleges that the "Howard Defendants lied to [her] when they told her that she could not get a SAMFE at HUH without police 'authorization,'" in order to "avoid the cost and burden of having to [administer the SAMFE] ... that would not be performed by the District funded SANE nurse and that would not be reimbursed by the District's SANE program." Plaintiff's Opposition at 35. Moreover, Plaintiff alleges that "this type of misrepresentation claim arising in the medical context" "is actionable under the [ ] CPPA; and that 'the evidence makes clear that ... [the Howard Defendants] misrepresentations were based on entrepreneurial motives.'" *Id.* at 36. Treating these allegations as true, as the district court has been directed to do, the court has no alternative but to conclude that the evaluation of the evidence with respect to the CPPA claim is a jury function. *See, e.g., Poblete*, 657 F.Supp.2d at 95.

### CONCLUSION

For the foregoing reasons, it is, this 3rd day of March, 2010,

**RECOMMENDED** that the Motion of Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D., and Dawit Yohannes, M.D., for Partial Dismissal or in the Alternative, for Partial Summary Judgment (Document No. 177) be **DENIED**.

March 3, 2010